**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1261

JEANNE D'ARC TOUDJE TONGA,

                    Petitioner,

          v.

MICHAEL B. MUKASEY, Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: November 19, 2008          Decided: December 4, 2008

Before MICHAEL and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Ana T. Jacobs, ANA T. JACOBS & ASSOCIATES, P.C., Washington, D.C., for Petitioner. Gregory G. Katsas, Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Jamie M. Dowd, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeanne D'Arc Toudje Tonga ("Toudje Tonga"), a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals dismissing her appeal from the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture.

Toudje Tonga first challenges the determination that she failed to establish her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Toudje Tonga fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that she seeks.

Additionally, we uphold the denial of Toudje Tonga's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because

2

Toudje Tonga failed to show that she is eligible for asylum, she cannot meet the higher standard for withholding of removal.

We also find that substantial evidence supports the finding that Toudje Tonga failed to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2008). We find that Toudje Tonga failed to make the requisite showing before the immigration court.

Accordingly, we deny the petition for review.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*] We specifically find that the immigration judge properly analyzed Toudje Tonga's claims as required by our decision in Camara. See Camara, 378 F.3d at 370-72.

3